## STRAUM v. THE STATE OF OHIO.

*Fraudulent advertising—Section 13194, General Code—"Special reductions"—Statement not untrue or deceptive, when—Reduction of payment terms sufficient, when.*

An advertisement headed "Special Reductions" on which appear the names of articles for sale, followed by the words, "Terms: Special small monthly payments accepted during the holidays," does not contain an assertion or statement of fact which is untrue or deceptive within the meaning of Section 13194 [13193-2], General Code (103 O. L., 43, Section 1), where the evidence shows that there was no reduction in the price of some of the enumerated articles, but was a reduction in the terms of payment of such articles not reduced in price.

(Decided October 22, 1921.)

ERROR: Court of Appeals for Cuyahoga county.

*Mr. P. J. Mulligan,* for plaintiff in error.
*Mr. O. C. Bell* and *Mr. James Lind,* for defendant in error.

SULLIVAN, J.    This case comes into this court on error to the municipal court of Cleveland.

The plaintiff in error, Charles Straum, was arrested upon an affidavit alleging the violation of Section 13193-2, General Code of Ohio (103 O. L., 43, §1), also known as Section 13194, and popularly referred to as the "Fraudulent Advertising Law," which section is as follows:

"Whoever, with intent to sell, or in any wise dispose of merchandise, securities, service, or anything offered by him, directly or indirectly, to the public for sale or distribution, or with intent to increase the consumption thereof, or to induce the public in

any manner to enter into any obligation relating thereto, or to acquire title thereto, or an interest therein, causes, directly or indirectly, to be made, published, disseminated, circulated, or placed before the public, in this state, in a newspaper or other publication, or in the form of a book, notice, hand-bill, poster, bill, circular, pamphlet or letter, or in any other way, an advertisement of any sort regarding merchandise, securities, service, or anything so offered to the public, which advertisement contains any assertion, representation or statement of fact which is untrue, or deceptive, shall be guilty of a misdemeanor and on conviction thereof shall be punished by a fine of not less than ten dollars nor more than one hundred dollars or by imprisonment in the county jail not exceeding twenty days or by both said fine and imprisonment.''

The constitutionality of the above act has been upheld in *State* v. *Schaengold,* 13 Ohio Law Reporter, page 130. This question, however, is not raised in the case at bar, but a reading of the decision in the aforesaid case throws light upon the general aspects of the law.

Under the evidence submitted, the court below found plaintiff in error guilty of a violation of said act, and sentenced him to pay a fine of one hundred dollars, and it is to set aside that conviction that the action is brought by the plaintiff in error to this court. The real issue under the evidence is whether or not, under the aforesaid section of the General Code, the plaintiff in error, who was the manager of The Rudolph Wurlitzer Company, with intent to sell, placed before the public an advertisement containing an assertion, representation or statement of fact, which is *untrue* or *deceptive.*

The advertisement in question, which was placed on cloth across the front of the store of The Rudolph Wurlitzer Company is as follows:

"SPECIAL REDUCTIONS
"WURLITZER FOR YOUR XMAS PIANO, VICTROLA OR SMALL MUSICAL INSTRUMENTS.
"TERMS: SPECIAL SMALL MONTHLY PAYMENTS ACCEPTED DURING THE HOLIDAYS.
"THE RUDOLPH WURLITZER CO.
1015 Euclid Ave."

In order to determine whether this advertisement was *untrue* or *deceptive,* it is necessary to examine the evidence, as well as the advertisement.

It is conceded by opposing counsel, and apparent from the evidence, that there were special reductions, at least on all articles mentioned in the advertisement excepting new Victrolas.

These reductions on the aforesaid articles concerned not only *prices* but the *terms* of payment. Therefore, said advertisement was not untrue or deceptive, as to all articles advertised, unless it might be the new Victrolas.

With respect to new Victrolas, it appears from the evidence that there was no reduction in the price. It does appear, however, that as to *used* Victrolas, there was a reduction in *prices* as well as a reduction in *terms* of payment, subsequent to the erection of the advertisement and the date December 4, 1920, when the *new* Victrola mentioned in the evidence was purchased. It is contended, however, by the defendant in error, that instead of a *reduction* in the price and terms with respect to *used* Victrolas, the selling figure was a *second-hand* price. There would

be force to this contention if the evidence tended to show a standard figure for used 'Victrolas; but there is no evidence to show that there was a standard or a settled price for used Victrolas. Therefore, there is no standard to form a basis for settled and established second-hand prices for used Victrolas. We therefore are of the opinion from the evidence that instead of there being a second-hand standard price for used Victrolas, the price thereof was a reduction from the regular purchase price of new 'Victrolas, arrived at by reducing the original figure in a varying graduation based upon the condition of the instrument and character of usage.

With respect to whether the advertisement aforesaid was untrue and deceptive as to new Victrolas we have come to the conclusion from the evidence that if there was not a reduction in *price* as to new Victrolas, there was certainly a reduction in *terms,* and, that being true, the advertisement was not deceptive or untrue even as to new Victrolas, but, as a matter of fact, was substantially true.

It will be observed that the advertisement does not say "New" 'Victrolas, or "All" Victrolas. It simply uses the word "Victrola." It will also be observed that the advertisement does not say "Reductions in prices," but simply uses the two words "Special Reductions." It will also be seen that the word "Terms" appears in the advertisement. From that word it reasonably follows that the words "Special Reductions" may refer to "Terms" as well as to "Price," although the word "Price" is not used in the advertisement.

The evidence from which we reach the conclusion that there were special reductions in *terms* as to

*new* Victrolas, as well as all other instruments, is found on page 23 of the record, in the redirect examination of the plaintiff in error, as follows:

"Q.  I want to ask you whether there was any difference in the terms that were made during the holiday season and the time that you had the sign up on the 4th and previous thereto— A. Yes, sir.

"Q.  And for the purchase of any articles in your store? A. Yes, sir.

"Q.  What change? A. We granted extensions in most everything in the house.

"Q.  With reference to Victrolas, what extensions were adhered to? A. We adhered strictly to a ten months policy before December, but *now* we are giving twelve to fourteen months."

Again, on page 24, is found evidence which fairly establishes that conclusion, and which is as follows:

"Q.  Was there any reduction on December 4th, in the Victrolas, the new Victrolas? A. No, sir.

"MR. MULLIGAN: That is conceded.

"THE COURT: That is stipulated, as a matter of record.

"Q.  Reduction in the *terms?* A. *Yes, sir.* We *extended the time* to twelve months, for people to purchase in December. We tried to get ten months, but in exceptional cases we would give twelve months, but we would not give the twelve months unless they asked for it. If they asked for it we would give an extension of the terms."

Bearing upon the question of deception, it will be observed from the evidence of Joseph Durant, a witness for the state, on page 5 of the record, that on December 6th, two days after the alleged purchase of the new Victrola, the plaintiff in error handed to witness Durant a catalogue for the purpose of show-

ing the Victrola to the wife of said Durant in order to show the kind of Victrola purchased.

Said catalogue is known as State's Exhibit 3, attached to the bill of exceptions. The following words appear on said exhibit:

"Victrola X-$125.00."

This testimony would indicate that there was no intention to deceive on the part of the plaintiff in error, and while the intention to deceive is not an element of the offense yet it bears materially upon the question as to whether said advertisement was untrue or deceptive.

With this interpretation of the evidence before us, the hypothesis of innocence is clearly apparent, and with the judicial obligation of reasonable doubt, if any existed, before us, we are of the opinion that the plaintiff in error is not guilty of the offense charged, and that the judgment below is manifestly against the weight of the evidence, and contrary to law, and for these reasons the judgment of the court below is hereby reversed and the defendant is discharged.

*Judgment reversed.*

VICKERY and INGERSOLL, JJ., concur.